IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE,[1] | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 24-1539-BAH |
| RUDY WALCOTT ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On May 28, 2024, Defendant Rudy Walcott ("Walcott"), proceeding *pro se*, removed this action to this Court.[2] ECF 1. There appear to be two different notices of removal. ECFs 1 and 1-1. One is captioned with "In United States District Court for the District of Maryland ([Baltimore])." ECF 1, at 1. The other is captioned with "In The Circuit Court For Baltimore City." ECF 1-1, at 1. Both invoke federal statutes governing removal, though the cited bases for removal differ. *See* ECFs 1 and ECF 1-1. The same day Defendant Walcott removed the matter to this Court, Walcott, along with Juliett P. Walcott,[3] filed a document titled "Ex Parte Motion for a TRO with an Asset Freeze, Appointment of a Receiver, and Other Equitable Relief, and Order

---

[1] The notice of removal misspells "Council" as "Councile." *See* ECF 1, at 1; ECF 1-1, at 1. The original state court documents, however, lists Plaintiff as "Mayor and City Council of Baltimore." ECF 1-3, at 1, 2. The Clerk will be directed to correct the spelling.

[2] The state court complaint is docketed without a caption. *See* ECF 2. Attached to the notice of removal are copies of state court documents, one of which appears to have an extra caption attached to it. ECF 1-3, at 1, 2. The first caption lists the addresses of all the parties, ECF 1-3, at 1, so it is likely the caption that goes along with the complaint.

[3] The notice of removal also misspells "Juliett" as "Juiett." ECF 1, at 1; ECF 1-1, at 1. The state court documents spell the name "Juliett," so the Court will too. ECF 1-3, at 1, 2. The Clerk will be directed to correct the spelling.

to Show Cause Why a Preliminary Injunction Should Not Be Issue[d]," ECF 4, which the Court interprets as a motion for a temporary restraining order ("TRO") and preliminary injunction.[4]

As background, Walcott asserts that the Mayor and City Council of Baltimore (the "City") initiated the underlying case, No. 24-C-24-000971, "[o]n May 1, 2024." ECF 1, at 2. Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court takes judicial notice the complaint for foreclosure was actually filed on February 23, 2024. Case No. 24-C-24-000971 (Balt. City Cir. Ct.).[5] On May 9, 2024, Rudy and Juliett Walcott filed an "Ex parte Motion for a [TRO] with an Asset Freeze, appointment of a Receiver, and other Equitable Relief, and Order to show cause why a preliminary injunction should not be issue[d]." The Circuit Court for Baltimore City struck that filing on May 21, 2024. Copies were mailed on May 25, and Walcott removed the case on May 28.[6]

The Court will remand this action back to state court for lack of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject-matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal

---

[4] It is not clear whether Walcott refiled the motion for a TRO and preliminary injunction in this Court or whether the motion is a copy of the one filed in the Circuit Court for Baltimore City. The motion on this Court's docket is undated. *See* ECF 4.

[5] *See* http://casesearch.courts.state.md.us/inquiry (last viewed June 3, 2024).

[6] Though not clear what copies were mailed or to whom, the timing suggests that Walcott removed the case once he received notice that the motion requesting a TRO and other equitable relief was struck.

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original). The Court may *sua sponte* remand an action to state court at any time if it determines that it lacks subject-matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Walcott does not invoke diversity jurisdiction,[7] only federal question jurisdiction. Walcott asserts that this Court "has original jurisdiction over this action under 28 U.S.C 1331, 1338, and 15 U.S.C. 1121(a) because the Complaint alleges; a violation of the City Tax Laws" (sic) and that it "has supplemental jurisdiction over this action because it is in violation of the [F]air [D]ebt [C]ollection [Practices] [A]ct and False Claims Act." ECF 1, at 3. The second purported notice of removal says that this Court

> has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1441 because it involves claims or rights arising under the laws of the United States. In their complaint seeking declaratory judgment and injunctive relief, plaintiffs allege that defendants have violated their rights under the federal Coronavirus, Aid, Relief and Economic Security Act ('CARES'), 15 U.S.C. §§ 9021, 9025.

ECF 1-1, at 3.

---

[7] Nor does it appear that he could, as there is not complete diversity between the parties. *See* ECF 1-3, at 1 (noting that the plaintiff is the Mayor and City Council of Baltimore—located in Maryland—and that defendants Juliett and Rudy Walcott reside in Maryland). The civil cover sheet checks "Diversity" as the sole basis for jurisdiction, but it also notes that at least some plaintiffs and defendants are citizens of Maryland. ECF 1-2, at 1.

The City brought this foreclosure action regarding a property identified as 2910 Grantley Ave due to conditions making the property "unsafe or unfit for habitation" and for "delinquent taxes and unpaid municipal liens" against the property that exceed the value of the property. ECF 2, at 1–2. The City seeks "a final Judgment vesting in the City an absolute and indefeasible FEE SIMPLE title, pursuant to Baltimore City Code - Tax Section 8.1-13(b)(2) . . . and to foreclose all prior or subsequent alienations and descents of the property herein described, and all encumbrances thereon, except public easements to which the property is subject." *Id.* at 5. The complaint does not cite the CARES Act, the Fair Debt Collection Practices Act, the False Claims Act, or any other federal statute. Walcott cannot cite these statutes in order to manufacture federal question jurisdiction. *See Caterpillar Inc.*, 482 U.S. at 393; *see also Myers v. CFG Cmty. Bank*, Civ. No. CCB-16-3098, 2016 WL 4945009, at *2 (D. Md. Sept. 16, 2016) ("Foreclosure actions brought under state law generally do not give rise to a federal question and are not a sufficient basis for subject matter jurisdiction.")

For these reasons, it is hereby ORDERED that:

(1) The case is REMANDED to the Circuit Court for Baltimore City;

(2) The Clerk is directed to CORRECT the spelling of "Council" and Juliett" on the docket;

(3) The Clerk is directed to MAIL a copy of this memorandum and order to Walcott; and

(4) The Clerk is directed to CLOSE this case.

Dated: June 10, 2024

                                            /s/
                                  Brendan A. Hurson
                                  United States District Judge